IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

MICHAEL L. YOUNG,
    Plaintiff,

vs.

JASON B. GRIFFITH;
MILLER TRUCK LINES, LLC; and
BBJ TRAILER LEASING, LLC,
    Defendants.

No.: 20 cv 449

Jury Trial Demanded

_____/

## DEFENDANTS, JASON B. GRIFFITH, MILLER TRUCK LINES, LLC; AND BBJ TRAILER LEASING, LLC MOTION FOR FINAL SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT

COMES NOW the Defendants, JASON B. GRIFFITH, MILLER TRUCK LINES, LLC; and BBJ TRAILER LEASING, LLC, by and through undersigned counsel and pursuant to Rule 56, Federal Rules of Civil Procedure, and Local Rule 7.1, hereby request that this Court grant their Motion for Final Summary Judgment and as grounds state as follows:

1. This action arises out of a vehicle accident that occurred on **July 4, 2017** on 1-70 Eastbound near mile marker 131 in Clark county. The Plaintiff's Complaint alleges:

> 11. On July 4, 2017, Plaintiff Michael L. Young was injured because of a lane intrusion collision caused by the aforementioned commercial motor vehicle displaying Miller Truck Lines LLC's US DOT number 125792 , and its logo , operated that day by Jason B. Griffith on I-70 eastbound in Clark county near milepost 131.

[D.E. 1].

2. In Answers to Interrogatories, the Plaintiff reiterated that the subject accident occurred on July 4, 2017. Specifically, in answers to Interrogatories 8, 12, and 16 the Plaintiff refers to "the July 4, 2017 collision", "the July 4, 2017 accident", "the collision of July 4, 2017",

and "the July 4, 2017 wreck." Redacted portions of the Plaintiff's Response to Defendants' Interrogatories, including: (1) the Directions & Definitions; (2) Answer to Interrogatory No. 8; (3) Answer to Interrogatory No. 12; (3) Answer to Interrogatory No. 16; (4) Reservation of Rights with Plaintiff's counsel's signature, and (5) Certification and signature of Plaintiff, are attached hereto as Exhibit A. The remainder of the Plaintiff's Answers to Defendants' Interrogatories are not attached, as they do not reference the date of accident.

3. Further, in his Answer to Interrogatory 16, the Plaintiff identifies Master Trooper Steven Colclasure, stating he will testify regarding the collision "and the police report he helped create." That Illinois Traffic Crash Report also identifies the date of accident as July 4, 2017. (Traffic Crash Report attached as Exhibit B).

4. The Plaintiff has sought jurisdiction in this Court based on diversity pursuant to 28 U.S.C. § 1332. [D.E. 1].

5. "The statutes of limitations for claims grounded in state law are governed by the law of that state." *Dvorak v. St. Clair Cty.*, 2018 U.S. Dist. LEXIS 53286, at *9 (S.D. Ill. Mar. 29, 2018) (citing *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012)).

6. The statute of limitations for a personal injury claim in Illinois is two years. See 735 ILCS 5/13-202; *Bentz v. Atchinson*, 2017 U.S. Dist. LEXIS 198895, at *14 (S.D. Ill. Dec. 4, 2017).

7. The Plaintiff filed the subject action on **May 14, 2020**. [D.E. 1].

8. In their Answer and Affirmative Defenses, filed on September 25, 2020, Defendants raised expiration of the statute of limitations as an affirmative defense as follows:

7. All claims and causes of action against Defendants, JASON B. GRIFFITH, MILLER TRUCK LINES, LLC, and BBJ TRAILER LEASING, LLC are barred by the applicable Statute of Limitations, including but not limited to 735 Ill. Comp. Stat. Ann. 5/13-202 and this action was not timely filed.

[D.E. 24].

9. There are no genuine issues of material fact regarding when the accident giving rise to this lawsuit occurred. Based on the undisputed fact that the accident occurred on **July 4, 2017**. Further, there is no dispute this lawsuit was filed on **May 14, 2020** – more than two years and 10 months after the subject accident. Thus, the Plaintiff's claim is barred by Illinois statute 735 ILCS 5/13-202 as a matter of law.

WHEREFORE, the Defendants, JASON B. GRIFFITH, MILLER TRUCK LINES, LLC; and BBJ TRAILER LEASING, LLC. respectfully request this Court enter Final Summary Judgment against the Plaintiff and in favor of the Defendants.

## Memorandum of Law in Support of Defendants' Motion for Final Summary Judgment

This action arises out of a vehicle accident that occurred on **July 4, 2017** on I-70 Eastbound near mile marker 131 in Clark county. [D.E. 1]; (Exhibit A, Plaintiff's Answers to Interrogatories 8, 12, 16; Illinois Traffic Crash Report, attached as Exhibit B).

The Plaintiff has sought jurisdiction in this Court based on diversity pursuant to 28 U.S.C. § 1332. [D.E. 1]. In considering whether the Plaintiff's lawsuit has been timely filed, this Court must consider the applicable Illinois state statute of limitations. "The statutes of limitations for claims grounded in state law are governed by the law of that state." *Dvorak v. St. Clair Cty.*, 2018 U.S. Dist. LEXIS 53286, at *9 (S.D. Ill. Mar. 29, 2018) (citing *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012)).

Here, the statute of limitations for a personal injury claim in Illinois is two years. See 735 ILCS 5/13-202; *Bentz v. Atchinson*, 2017 U.S. Dist. LEXIS 198895, at *14 (S.D. Ill. Dec. 4, 2017). Thus, the statute of limitations on the Plaintiff's claim expired on **July 4, 2019**. The Plaintiff filed the subject action on **May 14, 2020**. [D.E. 1]. This lawsuit was filed more than **ten months after** the statute of limitations expired.

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Hadley v. AstraZeneca Pharm. PLC*, 2018 U.S. Dist. LEXIS 160127, at *11 (S.D. Ill. Sep. 19, 2018). In order to seek summary judgment based on the two-year statute of limitations, Defendants bear the burden of "identifying evidence which shows that the conduct alleged occurred more than [two] years prior to the commencement of this action. . ." *Spano v. Boeing Co.*, 125 F. Supp. 3d 848, 857 (S.D. Ill. 2014) (citing *Avery v. Mapco Gas Prods., Inc.*, 18 F.3d 448, 452 (7th Cir. 1994)). Once the Defendants satisfy that burden, the Plaintiff is "obligated to come forward with evidence sufficient to establish a genuine factual dispute as to when [the conduct occurred]." *Id*.

Here, there is no factual dispute regarding when the accident giving rise to the Plaintiff's claim occurred. Based on the undisputed fact that the accident occurred on July 4, 2017. Further, there is no dispute this lawsuit was filed on May 14, 2020 – more than two years and 10 months after the subject accident. Thus, the Plaintiff's claim is barred by Illinois statute 735 ILCS 5/13-202 as a matter of law. Final Summary judgment in favor of Defendants, JASON B. GRIFFITH, MILLER TRUCK LINES, LLC; and BBJ TRAILER LEASING, LLC. is proper as a matter of law.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the **15th** day of January 21, the foregoing document was electronically filed with the Clerk of Court by using the CM/ECF system which sends a notice of electronic filing to the following counsel for the Plaintiff:

>Jon C. Papin – ARDC #06200779
>VRDOLYAK LAW GROUP, LLC
>9618 S. Commercial Avenue
>Chicago, Illinois 60617
>jpapin@vrdolyak.com

ABBEY, ADAMS, BYELICK & MUELLER, L.L.P.

_____
DAVID J. ABBEY – ARDC #0000949
Skyway Marina District
The Ceridian Campus
3201 US Highway 19 South, 9th Floor
St. Petersburg, FL 33711
Telephone (727) 821-2080
Facsimile (727) 822-3970
ServiceDAbbey@AbbeyAdams.com
Attorneys for Defendants