IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

MICHAEL L. YOUNG,

      Plaintiff,

vs.

                                                     No: 20 cv 449

JASON B. GRIFFITH;
MILLER TRUCK LINES, LLC; and
BBJ TRAILER LEASING, LLC,

      Defendants.

## PLAINTIFF'S ANSWERS TO DEFENDANTS INTERROGATORIES

Plaintiff, Michael Young Answers Defense Interrogatories as follows:

## DIRECTIONS & DEFINITIONS

If the Plaintiff has previously answered Interrogatories in this matter served by undersigned counsel, the Plaintiff should incorporate their previous Answers to Interrogatories to the extent such Interrogatory answers remain complete and correct. However, to the extent the previous Answer to Interrogatory is no longer complete and correct, the Plaintiff should provide complete and correct answers to the below Interrogatories.

As used in these Interrogatories:

"Accident" or "the Accident":     Makes reference to the accident or incident giving rise to this lawsuit. If more than one accident or incident gives rise to this lawsuit, reference to "accident" or "the accident" makes reference to the accident or incident involving the Defendant or Defendants who have served these Interrogatories.

"Expert(s)" or "Expert Witness(es)":     Means a person duly and regularly engaged in the practice of a profession who holds a professional degree from a university or college and has had special professional



|  |  |
|---|---|
|  | training and experience, or one possessed of special knowledge or skill about a subject relevant to this lawsuit including but not limited to any healthcare provider for which the Plaintiff is claiming damages in this case. |
| "Plaintiff(s) Counsel": | The individual attorney or attorneys who have appeared as counsel of record on behalf of the Plaintiff in this matter. |
| "Plaintiff(s) Counsel's Law Firm": | Means all law firms which any Plaintiff(s) counsel had a relationship as an associate, partner, shareholder, owner or employee at any time after the Plaintiff retained Plaintiff's counsel as a result of the accident. |

## BACKGROUND & OTHER MATTERS

1. Please state your correct legal name and current resident address; your current business address, if any; your exact date and place of birth; your resident addresses for the past five (5) years and the length of time you resided at each address; whether you have ever used or been known by any name other than your correct legal name, and if so, please state the name, the period and places when and where such name was used; and your Social Security Number.

Answer:





8. Please state the name and address of any health insurer, preferred provider, health maintenance organization, individual or organization who has paid any of your healthcare expenses since the accident giving rise to this lawsuit and for the ten-year period _prior_ to such accident, and your policy number or identification number.

    Answer:
    Objection collateral source. However, I do not recall having health care insurance at the time of the July 4, 2017 collision, or before. At some point I may have had Aetna health insurance. Yet, I am not sure.

9. Please state whether you have been injured before or after the accident; the date and place of each such injury; the police agency, if any, to which the incident(s) giving rise to all injuries was reported; describe the injuries you received; and the name and address of each treating or examining healthcare provider(s) consulted by you for all injuries.

    Answer:
    

10. Please state whether you have ever made a claim for personal injuries or been involved in a lawsuit or workers' compensation claim which involved a claim for personal injuries; the nature of such lawsuit(s) or claim(s); the names and last known addresses of the parties to said lawsuit(s) or claim(s); the name and address of the Court(s) where said lawsuit(s) or claim(s) was filed, if any; the date of said lawsuit(s) or claim(s); and the disposition of said lawsuit(s) or claim(s).

    Answer:
    

11. List the names, business addresses and business telephone numbers of all health and dental care providers by which you have been examined and/or treated in the past ten (10) years and for each state the date(s) of examination or treatment and describe all conditions for which treatment was rendered.

    Answer:
    

12. Were you suffering from physical infirmity, disability, or sickness at the time of the accident? If so, what was the nature of the infirmity, disability, or sickness?

    Answer:
    No. Before the July 4, 2017 accident I was not disabled, sick or infirm. I did have previous neck and back problems; however, these did not prevent me from working or engaging in my regular life activities.

## ACCIDENT

13. Describe in detail how the accident happened and each wrongful or negligent act or omission on the part of all persons and organizations you contend constitute a contributing legal cause of the accident whether you have or have not named such person or organization as a Defendant in this lawsuit.

    Answer:
    

14. Did you consume any alcoholic beverages or take any drugs or medications within 12 hours before the accident? If so, what type and amount of alcoholic beverages, drugs, or medication were consumed and where did you consume them?

    Answer:
    
    At bedtime the night before I took my regular anti-anxiety medication Xanax, which I had taken for years. It was physician prescribed.

15. Please describe all safety restraint devices on the motor vehicle which you occupied at the time of the accident giving rise to this lawsuit; state whether the safety restraint devices were available to you and operational; state what, if any, safety restraint device you were utilizing at the time of the accident; and if you were not using any such restraint device, explain why not.

    Answer:
    
    I was wearing my seatbelt at the time of the collision.

### WITNESSES

16. State the names, business and residence addresses, and telephone numbers of all persons who are believed or known by you, your agents or attorneys to have any knowledge concerning any of the issues raised by the pleadings, and specify the subject about which the witness has knowledge including but not limited to the accident; the Plaintiff's injuries, treatment, and damages; all statements made by any Defendant or witness; and the existence and location of all photographs or motion pictures of the accident scene and any Plaintiff.

    Answer:

    1) Mark Dobrozsi R.N., 3745 Middlebury Avenue, Cincinnati, Ohio 45208. This witness did not see the accident itself. However, he happened upon it shortly after it occurred. He will testify to finding Ms. Young restrained by her seatbelt while her vehicle was upside down. He helped her escape the vehicle and she was nicked up, bruised and sore. He will testify to what Ms. Young excitedly said following the accident, that the trucker contacted her front wheel and spun her off the road. He will

also testify concerning his observations of the trucker involved in this collision, including his body habitus.

2) **Eugene Kopczynski**, 11500 East 191st Street, Noblesville, Indiana 46060. This central eyewitness will testify regarding his observations of the traffic flow and movements of the Pontiac and the tractor trailer involved in the collision of July 4, 2017. He was operating a 2008 Harley Davidson Ultra glide coming home with his wife, Deborah after a trip to Nashville, Tennessee and Branson, Missouri. He has a history of being a race car driver and uses his skills of observation and perception when driving his Harley.

This witness vividly recalls July 4, 2017 as a warm weather day and that the tractor trailer was traveling in the eastbound left lane of I-70 for an extended time period. This witness did not observe the tractor trailer using the left lane as a passing lane. Mr. Kopczynski was traveling in the left lane and was about ½ mile behind a Pontiac, which was travelling at about 65 mph. The Pontiac signaled and moved to the right lane to try to pass the tractor trailer on the right side. The Pontiac had just about cleared the tractor trailer when it suddenly moved into the right lane. The Pontiac tried to move towards the shoulder of the right lane to avoid the tractor trailer. However, there was contact, and the Pontiac's wheels went onto the soft shoulder of the highway and then went off the road, down a ditch and when the Pontiac reached the tree line it "helicoptered" and flipped at least twice, ending up on its roof. Afterwards, the witness and his wife ran back to the Pontiac to check on the driver. They called 911 and gave the mile marker nearest the accident and the stayed and talked to the investigating police officer.

3) **Donna Nasoff**, 901 Ocean Blvd, Jacksonville, Florida (904) 571-0775. Ms. Nasoff will testify regarding her observations and perceptions of Ms. Young before and after the July 4, 2017 accident. She will testify to her background, education, nursing training and experience in ER nursing. She is now a retired ER nurse and part time rock photographer. She knew Michael Young and was friends with her for 5 years before the July 4, 2017 accident. Before that accident they travelled to rock concerts together and even took "rock cruises" together. She will authenticate photos of her and Michael Young together before and after the July 4, 2017 accident.

She will testify that Ms. Young was physically very active before the roll-over accident and a very different person after. Following the July 4, 2017 accident, Ms. Nasoff drove Michael Young back to Florida and helped her pack up her house. She will testify that after the July 4, 2017 wreck Michael Young's pain interfered with her sleep and mobility. The pain also cost Ms. Young a romantic relationship. Ms. Nasoff will testify to her observations of her friend's pain and inability to physically function, her inability to perform activities of daily living, including work. Donna Nasoff was worried that Ms. Young was suicidal due to the pain. Ms. Nasoff has not personally seen Ms. Young since 2019, but they talk by phone and facetime almost daily.

4) **Jason Benjamin Griffith**, 9625 New Sapulpa Road #34, Sapulpa, Oklahoma 74066. This witness is a party. He is expected to testify regarding his background, employment history, training, licensure, DOT medical cards and experience in operating a commercial motor vehicle. It is expected he will testify regarding traffic flow, vehicle movements, and road markings near Mile Marker 131 and the statements he made shortly after the collision. It is expected Mr. Griffith will testify that he was travelling in the left lane for an extended period before he attempted to merge into the right lane. It is expected that he will testify that he did not see the Pontiac in the right lane before merging over and impacting her vehicle. Following the collision, Mr. Griffith went back to the Pontiac to check on the driver. He will testify to his statements and conversations occurring after the accident. He will also testify to the results of his post-accident drug and alcohol testing and to statements he made when calling in the accident to the safety department or his dispatch manager. He may also testify as to his understanding of the results of his company's preventability determination.

5) **Michael Lane Young**, 1118 Amherst Drive, Unit C3, Sidney, Ohio 45365. This witness is the Plaintiff. She will testify to her observations of the traffic flow on July 4, 2017, to her movements and to her observation of movements of a tractor trailer which had been travelling in the left lane for several miles. She was behind the tractor trailer but could not pass as he was in the left lane. Ms. Young was in the right lane of I-70 when the tractor trailer suddenly moved into her right lane. She tried to avoid the tractor trailer, but there was impact. She ended up being cut off the highway, her tires going on the soft shoulder before it left the roadway, flipping at least three times before coming to rest upside down. Afterwards other motorists stopped to check on her,

including the trucker, who told her afterwards that he was sorry and that he did not see her.

Ms. Young will testify to her perceptions of her physical condition before and after the July 4, 2017 accident. She will testify that she was involved in a "nothing" accident several days later in Ohio. She will testify to her chiropractic and medical consultations for neck and back injuries, because of an accident in Kentucky on Valentine's day 2016. Ms. Young will testify that her neck and back problems before July 4, 2017 did not keep her from working as a dental hygienist or from leading an active lifestyle.

However, after the July 4, 2017 collision the nature and quality of her pain changed drastically, as did the quality of her life. She will testify regarding her earned income before and after the July 4, 2017 accident and for the reasons behind the "swings" in her income. Ms. Young will testify that she had planned to work until she was seventy. That after the July 4, 2017 accident, she can no longer work, that she has undergone multiple surgical procedures including injections, diskograms, myelograms and cervical and lumbar spinal fusions with hardware. That she has been found by physicians to be completely disabled. That because of the July 4, 2017 accident and lumbar fusion procedure she suffered a nerve injury, which was explained to her as a recognized and potential complication of the surgical procedure, that can happen in the best of hands and in the absence of negligence. That this complication was specifically explained to her pre- op by Dr. Rutz and was listed on the informed consent form that she signed before the lumbar fusion surgery. She will testify to the health care providers she saw before and after the July 4, 2017 accident and to her perceptions of her bodily health and well-being before and after the July 4, 2017 accident. That the accident she experienced a few days later on July 9, 2017 was "a nothing" and the only reason the police were called is because she was driving a rental car.  Since the July 4, 2017 accident, Ms. Young will testify that she has experienced continuing nerve and back pain, used prescription medications including, Gabapentin, Ibuprofen 800 mgs, Tylenol #3 and Robaxin. Because of her ongoing, continuous pain and resulting disability that she is scheduled to undergo a trial with a spinal cord stimulator on January 5, 2021. She will also testify to the amount of her medical bills and that she owes this money to her treating healthcare providers.

6) Jordan Young, 252 Fairway Drive, Fairborn, Ohio 45324. This witness is the Plaintiff's son. He will testify regarding his observations and perceptions of his mother before and after the July 4, 2017 accident.

7) Master Trooper Steven Colclasure, badge number 5566, Illinois State Patrol, 801 South Seventh Street, Springfield, Illinois. This witness will testify to his background, training and continuing education in accident investigation and accident reconstruction and to his experience in investigating highway accidents. Trooper Colclasure will testify that he was dispatched to investigate this collision as part of his official duties. He will testify to the investigation that he conducted, to his observations, statements made by witnesses and parties and to the police report he helped create. Trooper Colclasure will testify regarding his assignment of fault for the crash, the citations he issued and to the basis for these actions. He will lay the foundation for the Illinois Traffic Crash Report 12-17-00438 to be admitted into evidence.

- Dr. Kevin Rutz - Orthopedic Specialists PC, 2325 Dougherty Ferry Road, St Louis, Missouri 63122 -3356. This witness is a treating surgeon who performed cervical and lumbar fusion surgeries on Michael Young. He will testify to his background, education, medical training, medical licensure, board certification in orthopedic surgery, hospital privileges and to his experience in treating patients with injuries like those suffered by Michael Young in the collision of July 4, 2017. Regarding Michael Young, Dr. Rutz will testify to his course of his medical and surgical treatment, medical bills, cervical and lumbar fusion and revision surgeries, the indications for these surgeries, including discogram results, the recognized risks of spinal fusion procedures, including nerve damage and to Michael Young's injuries suffered because of the collision of July 4, 2017. It is expected Dr. Rutz will testify that his treatment of Michael Young and her medical bills were reasonable and necessary and related to the collision of July 4, 2017. It is expected that Dr. Rutz will testify to the nature, extent, cause and permanency of the injuries suffered by Michael Young as a result of the collision of July 4, 2017. He will also testify to lay the foundation for his C.V, medical records, medical bills, and x-rays regarding Michael Young to be admitted into evidence.

- Dr. Matthew S. Ruyle 9930 Watson Road, Crestwood, Missouri 63126. This witness is a treating radiologist who performed cervical and lumbar discograms on Michael Young. He will testify to his background, medical education, medical training, medical licensure, board certification in

13

Radiology, hospital privileges and to his experience in diagnosing patients with injuries like those suffered by Michael Young in the collision of July 4, 2017.Dr. Ruyle will testify regarding his experience in performing discograms, the purpose of discograms, and to the discograms he performed on Michael Young. It is expected he will testify regarding the discograms images he obtained, to Ms. Young's responses during the discogram procedures and to his findings and evaluations of her discs. It is expected he will testify that that injuries depicted on the discograms are consistent with acute injuries mostly likely incurred during the July 4, 2017 roll over accident. It is expected Dr. Ruyle will testify that his invasive radiological procedures and medical bills relating to Michael Young were reasonable and necessary and related to the collision of July 4, 2017. He will also testify to lay the foundation for his C.V, radiology reports, medical bills, and his discogram imaging regarding Michael Young to be admitted into evidence.

- Dr. Stephanie Johnson, SSM Health and SSM Medical Group Department of Family Practice, 1011 Bowles Avenue, Suite 300, Fenton Missouri 63026 - 2387. This witness is a treating primary care physician. She will testify to her background, medical education, medical training, medical licensure, board certification, hospital privileges and to her experience in diagnosing and treating patients with injuries like those suffered by Michael Young in the collision of July 4, 2017.Dr. Johnson will testify to her examinations of Michael Young and to the medical records containing the patients history, statements made by Michael Young for the purposes of medical treatment and to her diagnoses , medical treatment, recommendations for treatment and to prescriptions for medications. She will also testify to lay the foundation for her C.V, medical records, and medical bills regarding Michael Young to be admitted into evidence.

- Dr Nadeem Ahmed, 405 West Grand, Dayton, Ohio 45405.   This witness is a treating physician who specializes in pain management. Currently Michael Young is scheduled to undergo placement of a trial spinal cord stimulator with Dr. Ahmed. Michael Young's treatment with Dr. Ahmed is ongoing and he may have additional opinions as her treatment progresses. Dr. Ahmed will testify to his background, medical education, medical training, medical licensure, board certification in pain management, hospital privileges and to his experience in treating patients with injuries like those suffered by Michael Young in the collision of July 4, 2017. Dr. Ahmed will testify to his course of his medical and surgical treatment, medical bills, surgeries, indications for placement of a spinal cord stimulator, the recognized risks of those surgical procedures regarding Michael Young and to Michael Young's injuries suffered

because of the collision of July 4, 2017. It is expected Dr. Ahmed will testify that his treatment and medical bills relating to Michael Young were reasonable and necessary and related to the collision of July 4, 2017. It is expected that Dr. Ahmed will testify to the nature, extent, cause and permanency of the injuries suffered by Michael Young as a result of the collision of July 4, 2017. Dr. Ahmed may also testify to opinions regarding future costs relating to placement and replacement of Ms. Youngs permanent spinal cord stimulator. He will also testify to lay the foundation for his C.V, medical records, medical bills and related evaluations regarding Michael Young to be admitted into evidence.

- Randy Brown, Advanced Medical Massage, 920 Wapak Avenue, suite C, Sidney, Ohio 45365. This witness is a massage therapist who treated Michael Young following the collision of July 4, 2017. It is expected Mr. Brown will testify regarding his background, education, training, and state licensure. He will testify regarding history he obtained from Michael Young and to statements contained in his records. He will also testify to his observations and perceptions of Ms. Young related to her massage treatments.

17. Do you intend to call any expert witnesses? If so, identify each witness; describe the qualifications as an expert; state the compensation to the expert witness; state the subject matter upon which the expert is expected to testify; state the substance of the facts and opinions to which the expert is expected to testify; and give a summary of the grounds for each opinion.

Answer:

Yes. Plaintiff will identify Rule 26(a)(2) retained experts per the January 20, 2021 expert disclosure date in the courts scheduling order.

18. For each witness you intend to call as an expert, describe the individuals' general litigation experience including the percentage of work performed for plaintiffs and defendants; the identity of other cases, within the past three (3) years, in which the individual has testified by deposition or trial; and an approximation of the portion of the individuals' involvement as an expert witness or testifying treating doctor, which may be based on number of hours, percentage of hours, or percentage of earned income.

## RESERVATIONS OF RIGHTS

This disclosure is made to inform you of our current intentions concerning trial. However, trial preparations will continue through the time that the jury is instructed on the law and after all evidence and argument have been presented. Therefore, as more information comes to light there could be changes which could result in some of the disclosed witnesses not testifying, and others not herein disclosed being called.

The following rights are expressly reserved: 1) The plaintiff and her witnesses reserve the right to consider additional information as it becomes available, including but not limited to, documents and discovery previously requested, but not yet produced, all future depositions and other materials exchanged in formal discovery in this case; 2) to call the record keepers of plaintiff's medical providers and others to lay proper foundation for the admission into evidence of medical records, x-rays, bills, and other records; 3) to disclose any necessary rebuttal witnesses, including opinion witnesses; 4) to call any witness identified by the defense or who has given a deposition in this case or in the future does so; 5) to transmit deposition transcripts to treating physicians as an additional basis for their causation opinions; 6) to call any fact witness whose identity is known to, or through exercise of reasonable diligence, should have been known by the defendants; 7) to call some or all treating physicians or other medical personnel to testify concerning matters of fact or opinion associated with their care and treatment of the plaintiff including diagnosis, course of care, and reasonableness and necessity of any charges; and 8) to call any other witness who, in fairness, ought to be allowed to testify under the circumstances.

                                             _____
                                                            Jon C. Papin

Jon C. Papin
Vrdolyak Law Group LLC
9618 South Commercial
Chicago, Illinois 60617
jpapin@Vrdolyak.com
773-731-3311

21

The undersigned, Michael Young, under penalties provided by law, hereby certifies that I am the Plaintiff in the above entitled cause; that I have read my Answers to Interrogatories and know the contents thereof and that my answers as set forth herein are true and accurate to the best of my belief and knowledge.

x _____
  Michael Young