IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL L. YOUNG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No: 20 cv 449 |
| vs. | ) |
| | ) |
| JASON B. GRIFFITH, | ) |
| MILLER TRUCK LINES, LLC; and | ) |
| BBJ TRAILER LEASING, LLC | ) |
| | ) |
| Defendants, | ) |

PLAINTIFF MICHAEL YOUNG'S ANSWER AND OBJECTION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, Michael Young, by and through her attorneys the Vrdolyak Law Group LLC Answers and Objects to Defendants Combined Motion for Summary Judgment, stating as follows:

Summary of Response

The defendants failed to mention in their motion for summary judgement that Plaintiff timely filed her complaint on June 28, 2019, in 19 cv 0078 NJR. Neither did the defense mention that it previously filed a frivolous procedural motion under Rules 8(a)(2), 10(b) and 12 (f) to dismiss plaintiff's first amended complaint. Even though Plaintiff's first amended complaint complied with all pleading rules. (see Exhibit 1). Neither did the defense inform this Court that due to a clerk's error, Plaintiff failed to respond to defendant's motion and Chief Judge Rosenstengel "summarily" granted defendants motion without prejudice and with leave to refile. A second order entered

1

that day terminated the case. Plaintiff filed a Second amended complaint under Rule 15 (a), as the Defendants had never filed an answer. Dismissal of original complaint does not foreclose plaintiff's right to amend as matter of course as does a responsive pleading. *Jafree v. Barber,* 689 F.2d 640, 1982 U.S. App. LEXIS 17543 (7th Cir. 1982). Later Chief Judge Rosenstengel struck the Second amended complaint ruling: "... *As the Court dismissed Plaintiff's actions without prejudice, he may refile in a new complaint as a new action."* Dock No. 29.

Plaintiff refiled her complaint in 20 cv 00449, where the Court's docket describes 19 cv 00708 NJR as a "Related Case". Plaintiff has also filed a Rule 60 (a) motion in front of Judge Rosenstengel to clarify her Order of October 31, 2019, as being a dismissal for want of prosecution, without prejudice. Which preserves plaintiff's refiled case 20 cv 00449 under 13-217, the Illinois Savings Statute, applicable in this diversity case.

Plaintiff's position is fourfold:" i) that Chief Judge Rosenstengel dismissed the first amended complaint in 19 cv 00708 without response from Plaintiff, for want of prosecution and without prejudice ii) Plaintiff's Refiled case is saved by the Illinois Saving Clause Statute  735 ILCS 5/13-217; iii) Chief Judge Rosenstengel's ruling allowing Plaintiff to refile was "law of the case" and cannot be controverted; and iv) The Defendants should be estopped by the Court from profiting from their bad faith discovery abuses and the Court should decline to hear their motion summary judgement.

## Background

This case arose out of a July 4, 2017, highway collision wherein a tractor-trailer owned and driven by Defendant Jason B. Griffith and leased to Defendants Miller

Truck Lines, LLC and BBJ Trailer Leasing, LLC sideswiped Plaintiff Michael Young's car, causing it to leave the highway and roll over multiple times, injuring her. Jason Griffith's post-accident drug screen returned positive for amphetamines and Miller Truck Lines terminated him. As a result of that collision, Michael Young has undergone two spinal fusion surgeries with hardware and needs a spinal cord stimulator implanted to control her pain. She has been found to be completely disabled and is unable to work.

### 19 cv 00708 Related Case

Plaintiff will tell this Honorable Court what the defendants did not. That a timely original complaint was filed on June 28, 2019, on behalf of Michal Young in a related case, 19 cv 00708 NJR. Not coincidentally, the Re-filed 20 cv 00449 docket describes 19 cv 00708 NJR as a "Related Case", which in fact it is, per Judge Rosenstengel's order. Plaintiff has also filed a Rule 60 (a) motion in front of Chief Judge Nancy Rosenstengel to clarify the first of her two October 31, 2019, simultaneous orders, which "summarily" dismissed Plaintiff's first amended complaint in 19 cv 00708 without prejudice and with the right to refile. Her second order of October 31, 2019 terminated that case, which caused confusion as most district courts do not enter simultaneous orders. 1

Pursuant to Rule 15 (a) Plaintiff filed a Second amended complaint in the 19 cv 00708 case, as the Defendants had never filed an answer. Later, Judge

---

1 District courts routinely do not terminate a case at the same time that they grant a defendant's motion to dismiss; rather, they generally dismiss the plaintiff's complaint without prejudice and give the plaintiff at least one opportunity to amend her complaint. See *Furnace v. Bd. of Trs.*, 218 F.3d 666, 669 (7th Cir. 2000) (noting that "while this court has not accorded talismanic importance to the fact that a complaint . . . was dismissed 'without prejudice,' generally, an order dismissing a complaint without prejudice 'is not appealable because the plaintiff may file an amended complaint.)

Rosenstengel struck Plaintiff's Second amended complaint and explicitly ruled that Plaintiff could <u>refile</u> a new complaint in a new action. Obeying Judge Rosenstengel's ruling, Plaintiff Re-filed her complaint in a new action against the same three defendants based on the same core of operative facts on May 14, 2020, easily within a year after the dismissal of the first amended complaint in the related case No. 19-cv-00708-NJR.

### Facts and Procedure

For an overview of the related cases 19 cv 00708 NJR see Exhibit 2.

### Legal Standard

Federal Rule of Civil Procedure 56 provides that "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A genuine dispute as to any material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Kvapil v. Chippewa Cty.*, 752 F.3d 708, 712 (7th Cir. 2014). In deciding whether a dispute exists, the Court must "construe all facts and make all reasonable inferences in the light most favorable to the non-moving party. *Nat'l Am. Ins. Co. v. Artisan & Truckers Cas. Co.*, 796 F.3d 717, 723 (7th Cir. 2015).

<u>Arguments</u>

I. <u>Plaintiff's first amended complaint in 19 cv 00708 was summarily dismissed for want of prosecution, without prejudice</u>

On October 31, 2019, this Court "summarily" dismissed the Plaintiff's first amended complaint against Defendants Jason Griffith, Miller Truck Lines, LLC and BBJ Trailer Leasing without prejudice and with leave to refile. Because Plaintiff had inadvertently failed to respond to a procedural motion that the Defendants had filed two months earlier. Defendant's motion to dismiss disingenuously argued that Plaintiff's First Amended Complaint did not comply with Fed. R. Civ. P. 8(a)(2), 10(b) and 12(f). The Defendants did not bring a motion pursuant to Fed. R. Civ. P. 12(b)(6) and Judge Rosenstengel's dismissal of the first amended complaint was not a Rule 12(b)(6) dismissal. Based on Plaintiff's failure to Respond, this was a "summary" dismissal, a dismissal for want of prosecution and without prejudice.

Realizing there was a waiver, perhaps, of all legitimate arguments, Plaintiff might have made. However, a cursory review of Plaintiff's First Amended Complaint (Exhibit 1) shows it meets all pleading criteria under Rules 8 (a)(2), 10(b) and 12 (f). The Defendants' procedural arguments in their motion to dismiss were not supported by existing law, or even by a good faith argument for its modification or extension. Fed. R. Civ. P. 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 10(b) provides that a party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances . . . <u>if doing so would promote clarity</u>, each claim founded on a separate transaction or occurrence . . .must be stated in a separate count or defense."

The Defendants failed to demonstrate that Plaintiff's First Amended Complaint did not comply with these rules. There were four counts: two against Defendant Jason Griffith, one against Miller Truck Lines, LLC, and one against BBJ Trailer Leasing, LLC. Each count had numbered paragraphs. The first amended complaint alleged jurisdiction, venue, duty, breach, and causation and damages. It specifically stated that Defendant Jason Griffith, while driving a tractor- trailer that he owned and leased to Miller Truck Lines, LLC and BJJ Trailer Leasing LLC, struck Plaintiff Michael Young's motor vehicle and caused her to be physically injured. The Plaintiff's First Amended Complaint in 19-cv-708-NJR-GCS did show that she was entitled to relief. The Defendants could not argue with a straight face that the First Amended Complaint did not give them "fair notice of the claims against them and the grounds for supporting the claims." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). They never would have won their motion to dismiss on its so-called "merits. "However, due to an administrative clerk's docketing error, Plaintiff did not respond to these procedural arguments and Judge Rosenstengel summarily granted the Defendants motion to dismiss the complaint.

The Court dismissed Case No. 19-cv-708-NJR-GCS, not because the Defendants' arguments were well-supported, colorable, or even comprehensible, but because the Plaintiff failed to respond to their motion. In short, the Court dismissed Case No. 19-cv-708-NJR-GCS for want of prosecution. Consistent with Illinois law governing dismissals for want of prosecution, the Court dismissed the action <u>without prejudice</u>, terminated the case, and gave the Plaintiff leave to "<u>refile in a new complaint in a new action</u>." Farrar v. Jacobazzi, 245 Ill. App. 3d 26, 32 (1st Dist. 1993) ("trial judge does not have the authority to dismiss a case for want of prosecution with

6

prejudice.") This was more relief than the Defendants had sought; they only requested that the Court dismiss the complaint, not terminate the entire case. The Court did not simply grant the Defendants' motion as being meritorious, it dismissed the case for want of prosecution.

II. **The Illinois Saving Clause 13-217 applies to this diversity case and the Refiled case 20-cv-449-JPG, Relates back to the time of the filing of the related case, 19-CV-708-NJR-GCS**

The Illinois "Saving Statute," 735 ILCS 5/13-217, provides in relevant part:

"...then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff, his or her heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater, after such judgment is reversed or entered against the plaintiff, or after the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction, or the action is dismissed by a United States District Court for improper venue."

The Saving Statute is not limited to the refiling of cases in state court but also applies to refiling in federal court when Illinois law supplies the rules for decision. *Ill v. Roland*, 812 F. Supp. 855, 863 (N.D. Ill. 1993). Where jurisdiction arises under the diversity statute, 28 U.S.C. § 1332, a federal court sitting in diversity must apply the substantive law of the forum state, including Section 5/13-217, which is an element of the statute of limitations, and therefore a substantive state rule of law. *Abdallah v. Slagg*, 803 F. Supp. 220, 222 (N.D. Ill. 1992).

If a suit is dismissed for some technical defect, or for failure to proceed, even where the dismissal does not contain the words "without prejudice," the result would not be a bar to a subsequent action brought within a year. *Branom v. Miller*, 25 Ill. App. 2d 94, 96 (4th Dist. 1960). Plaintiff had a year to refile her action following its dismissal for want of prosecution, even though statute of limitations had expired.

*Green v. Wilmot Mountain, Inc.*, 92 Ill. App. 3d 176, 181-82 (1st Dist. 1980). The right of a plaintiff to refile following a dismissal for want of prosecution is absolute. *Aranda v. Hobart Manufacturing Corp.*, 66 Ill. 2d 616, 620 (1977). Given the clear language of the statute, there is "no intent on the part of the General Assembly to exclude from its ambit all but the diligent suitor." *Franzese v. Trinko*, 66 Ill. 2d 136, 140 (1977).

The Illinois legislature adopted this remedial revival statute to avoid possible hardship which might result from strict adherence to the provisions of the statute of limitations. *Cook v. Britt*, 8 Ill. App. 3d 674, 677 (1st Dist. 1972). "The act is remedial, reflecting a legislative intent to protect the party who brings the action in good faith from complete loss of relief on the merits because of a procedural defect. Such remedial statute should be liberally construed . . . to prevent destruction of the purpose of legislation." *Sachs v. Ohio Nat. Life Insurance Co.*, 131 F.2d 134, 137 (7th Cir. 1942). "The plain purpose of [the statute] is to facilitate the disposition of litigation upon the merits and to avoid its frustration upon grounds that are unrelated to the merits." *Roth v. Northern Assurance Co.*, 32 Ill.2d 40, 48 (1964). "When a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist, and we are of the opinion that a liberal rule should be applied." *New York Central Railroad v. Kinney*, 260 U.S. 340, 342 (1922).

"Both Section 13-217 and Section 2-616(b) are remedial in nature and should be liberally construed in favor of hearing the plaintiff's claim." *Bryson v. News Am. Publ.*, 174 Ill.2d 77, 106 (1996).

III. <u>Chief Judge Rosenstengel Orders are Law of the Case</u>

Chief Judge Rosenstengel in 19-cv-708-NJR did not dismiss the case with

8

prejudice. Rather, she summarily dismissed the first amended complaint without prejudice for failure to respond to a procedural motion and simultaneously entered a second order terminating the case. She specifically ruled that "as the Court dismissed Plaintiff's actions without prejudice, he may refile in a new complaint as a new action." Dock No. 25 and 29. That is the law of the case. Under the law of the case doctrine, a ruling made in an earlier phase of a case controls throughout the proceedings. *Tice v. American Airlines, Inc.*, 373 F.3d 851, 853 (7th Cir. 2004). The doctrine of law of the case is a rule of practice under which a decision on an issue of law made at one stage of a case becomes a binding precedent to be followed in successive stages of the same litigation. Moore's Federal Practice P0.404(1) (2d ed. 1974).

IV. <u>A party that does not provide discovery should not profit from its own failures.</u>

General Atomic Co., v. Exxon Nuclear Co., 90 F.R.D. 290 (9th Cir. 1981)

<u>Conclusion</u>

For the reasons stated above, Defendant's motion for summary judgement should be denied.

_____
Attorney for Plaintiff

Jon C. Papin
ARDC #6200779
**Vrdolyak Law Group LLC.**
9618 South Commercial Avenue
Chicago, Illinois 60617
(773) 731-3311
jpapin@vrdolyak.com