IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

MICHAEL L. YOUNG,
      Plaintiff,

vs.

JASON B. GRIFFITH;
MILLER TRUCK LINES, LLC; and
BJJ TRAILER LEASING, LLC,
      Defendants.
_____/

No: 20 cv 449

Jury Trial Demanded

## DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR FINAL SUMMARY JUDGMENT

Defendants, JASON B. GRIFFITH, MILLER TRUCK LINES, LLC, and BJJ TRAILER LEASING, LLC, hereby file this Reply in Support of Their Motion for Final Summary Judgment and state as follows:

### Factual Background

This action arose out of a vehicle accident that occurred on July 4, 2017. The Plaintiff sought jurisdiction in this Court based on diversity pursuant to 28 U.S.C. § 1332. Pursuant to 735 ILCS 5/13-202, the statute of limitations for a personal injury claim in Illinois is two years. Thus, the statute of limitations expired on **July 4, 2019**. The Plaintiff did not file her Complaint in this 2020 litigation until **May 14, 2020.** The Plaintiff's prior litigation in a 2019 lawsuit did not extend the applicable statute of limitations.

### A.   Proceedings in the 2019 Lawsuit – 19cv00708

The Plaintiff filed her initial Complaint on June 28, 2019. [19 cv 708, D.E. 1]. The Court issued an Order, on July 1, 2019, requiring the Plaintiff file an amended complaint, based on the Plaintiff's failure to properly allege citizenship of each member of Miller Truck Lines, LLC and BBJ Trailer Leasing, LLC. [19 cv 708, D.E. 9]. Thereafter, the Plaintiff filed an Amended Complaint, which was stricken on July 29, 2019. [19 cv 708, D.E. 15].

Ultimately, the Plaintiff filed her First Amended Complaint on August 9, 2019. [19 cv 708, D.E. 22]. On August 23, 2019, the Defendants filed a Motion to Dismiss the First Amended Complaint; Motion to Strike Count III and Memorandum of Law in Support. [19 cv 708, D.E. 25]. In that Motion to Dismiss, the Defendants' challenged the Plaintiff's Complaint based on Rule 12, Rule 8, and Rule 10, Federal Rules of Civil Procedure. [19 cv 708, D.E. 25]. Statute of Limitations was not raised as a defense or basis for dismissal. [19 cv 708, D.E. 25].

The Plaintiff's Response to the Motion to Dismiss would have been due on or before September 23, 2019 pursuant to Rule 7.1. Rule 7.1 also provides, "Failure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion." The Plaintiff failed to file any Response to the Defendants' Motion to Dismiss. On October 31, 2019, over two months after the Defendants' Motion to Dismiss had been filed, the Court entered an Order Granting the Defendants' Motion to Dismiss First Amended Complaint. [19 cv 708, D.E. 26]. The Court stated:

> **DocketText:**
>
> **ORDER GRANTING [25] Motion to Dismiss First Amended Complaint filed by all Defendants. Due to the fact that the motion is unopposed, the Court summarily grants the motion. The First Amended Complaint is DISMISSED without prejudice. See Bonte v. U.S. Bank, N.A., 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument... results in waiver."). Signed by Chief Judge Nancy J. Rosenstengel on 10/31/2019. (bak)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED.**

Thereafter, the Court entered a "Clerk's Judgment" providing:

## JUDGMENT IN A CIVIL ACTION

**DECISION BY THE COURT.**

2

> **IT IS ORDERED AND ADJUDGED** that, pursuant to the Order dated October 31, 2019 (Doc. 26), Plaintiff's claims against all Defendants were **DISMISSED without prejudice**, and the case was closed.

[19 cv 708, D.E. 27]. Hence, the Plaintiff had an Order and a Judgment on October 31, 2019, advising the Court had ended her case.

Although Plaintiff's counsel now claims there was "an internal docketing error" or "clerk's error," that caused the Plaintiff's failure to respond to the Motion to Dismiss, the Plaintiff did not file a motion for rehearing, motion for reconsideration, Rule 60 motion, or any type of motion or pleading to bring this "docketing error" to the Court's attention. Further, once the Plaintiff received the Court's October 31, 2019 Order and the October 31, 2019 Judgment in Civil Action indicating the case was "closed" the Plaintiff did not file any motion or pleading, requesting the Court reopen the case and allow an amended complaint because the statute of limitations had run.

Instead, the Plaintiff waited over *six months* and filed her Second Amended Complaint on May 8, 2020. [2019 cv 708, D.E. 28]. Thus, the Plaintiff failed to respond to the Defendants' Motion to Dismiss, failed to respond to this Court's Order of Dismissal, and failed to respond to the "Judgment in a Civil Action" stating "the case was closed." This inaction cannot be attributed to "an internal docketing error," as Plaintiff's counsel would have received a service copy of all three of these documents. Moreover, the Plaintiff has not suggested that all three documents, which should have prompted some response by the Plaintiff, were improperly handled by counsel's office staff.

After the Plaintiff filed her Second Amended Complaint on May 8, 2020, the Court issued an order striking the Second Amended Complaint stating,

> Docket Text:
> ORDER: This action was terminated by the Court's Order of October 31, 2019 (Doc. [26]). Accordingly, the Court STRIKES Plaintiff's Second Amended Complaint [28]. As the Court dismissed Plaintiff's actions

3

> without prejudice, he may refile in a new complaint as a new action. Signed by Chief Judge Nancy J. Rosenstengel on 5/11/2020. (drb)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED.

[cv 708, D.E. 29]. The Court's Order made no reference to a dismissal for want of prosecution or to the statute of limitations.

Again, the Plaintiff did not file any motion or pleading, requesting the Court reopen the case and allow an amended complaint because the statute of limitations had run. Of course, the running of the statute of limitations based on the date of accident in the 2019 case would not have been apparent to the Court when it dismissed the Plaintiff's case. In fact, there was no statute of limitations defense was raised in the 2019 action.

**B.    Proceedings Before This Court in the 2020 Lawsuit**

The Plaintiff then filed a new complaint, in a new lawsuit on May 14, 2020. That is the lawsuit presently before this Court. The Defendants filed their Answer and Affirmative Defenses on September 25, 2020, raising, among other defenses, expiration of the statute of limitations. [D.E. 24]. Thereafter, on January 15, 2021, the Defendants filed their Motion for Summary Judgment based solely on the statute of limitations defense. [D.E. 25]. The Plaintiff failed to respond to the Defendants' Motion for Summary Judgment. Ultimately, On July 7, 2021, this Court issued an Order to Show Cause based on the Plaintiff's failure to respond to the pending Motion for Summary Judgment. [D.E. 35].

This Court set a hearing on the Order to Show Cause, for August 10, 2021. The Court ordered the Plaintiff to file a Response to Defendants' Motion for Summary Judgment on the statute of limitations issue within seven days. [D.E. 45]. On August 17, 2021 the Plaintiff filed her Answer and Objection to Defendant's Motion for Summary Judgment. [D.E. 48].

Simultaneously, the Plaintiff filed her Motion to Clarify the October 31, 2019, Order Pursuant to Fed. R. Civ. P. 60(a) in the 2019 case. [Case No. 19 cv 708, D.E. 30].

On August 20, 2021, this Court granted the Defendants' Motion for Extension of Time to File Reply in support of their motion for summary judgment. [D.E. 50]. The Court ordered this Reply memorandum to be filed 7 days after Chief Judge Rosenstengel's ruling on the Motion to Clarify the October 31, 2019 order. [D.E. 50].

On September 15, 2021, the Honorable Judge Nancy J. Rosentengel, issued an Order in the 2019 case, denying the Plaintiff's Motion to Clarify. The Court ruled:

> **Docket Text:**
> **ORDER DENYING [30] Motion to Clarify. Plaintiff's motion asks the Court to clarify its prior order, entered on October 31, 2019, to proceed in the related case, 3:20-cv-00449-JPG, before Judge Gilbert. This Court declines to clarify the language of its prior order, and the effect of the order on the ongoing litigation should be determined by Judge Gilbert. Signed by Chief Judge Nancy J. Rosenstengel on 9/15/2021. (kss) THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED.**

[Case No. 19 cv 708, D.E. 32].

## Legal Analysis

**A.     The Applicable Statute of Limitations Expired on July 4, 2019**

It is undisputed that the accident giving rise to this litigation occurred on 1-70 Eastbound near mile marker 131 in Clark County, Illinois. [D.E. 1, Par. 7]. The Plaintiff sought jurisdiction in this Court based on diversity pursuant to 28 U.S.C. § 1332. "The statutes of limitations for claims grounded in state law are governed by the law of that state." *Dvorak v. St. Clair Cty.*, 2018 U.S. Dist. LEXIS 53286, at *9 (S.D. Ill. Mar. 29, 2018) (citing *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012)). The statute of limitations for a personal injury claim in Illinois is two years. See 735 ILCS 5/13-202; *Bentz v. Atchinson*, 2017 U.S. Dist. LEXIS

198895, at *14 (S.D. Ill. Dec. 4, 2017). Hence, the statute of limitations for the Plaintiff to assert a claim arising out of the July 4, 2017 motor vehicle accident ran on **July 4, 2019**.

The Plaintiff filed the subject action on **May 14, 2020**. [D.E. 1]. In their Answer and Affirmative Defenses, filed on September 25, 2020, Defendants raised expiration of the statute of limitations as an affirmative defense as follows:

> 7.  All claims and causes of action against Defendants, JASON B. GRIFFITH, MILLER TRUCK LINES, LLC, and BBJ TRAILER LEASING, LLC are barred by the applicable Statute of Limitations, including but not limited to 735 Ill. Comp. Stat. Ann. 5/13-202 and this action was not timely filed.

[D.E. 24].

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Price v. Wyeth Holdings Corp.*, 505 F.3d 624, 632 (7th Cir. 2007).

There are no genuine issues of material fact regarding when the accident giving rise to this lawsuit occurred. Based on the undisputed fact that the accident occurred on **July 4, 2017**. Further, there is no dispute this lawsuit was filed on **May 14, 2020** – more than two years and 10 months after the subject accident. Thus, the Plaintiff's claim is barred by Illinois statute 735 ILCS 5/13-202 as a matter of law. See e.g. *Price v. Wyeth Holdings Corp.*, 505 F.3d 624, 632 (7th Cir. 2007) (affirming summary judgment where the defendants moved for summary judgment on statute of limitations grounds; the district court granted the motion, holding that the two-year statute of limitations had expired during the intervening years between the voluntary dismissal and the reinstatement of the lawsuit); *Sultan v. Coffey*, No. 12-cv-934-SCW, 2013 U.S. Dist. LEXIS 134472, at *18-19 (S.D. Ill. Sep. 19, 2013) (granting summary judgment where the Plaintiff did

not file his Complaint until three months after the statute of limitations period expired); Chambers v. Cross, No. 3:17-cv-996-JPG-RJD, 2018 U.S. Dist. LEXIS 166529, at *15-16 (S.D. Ill. Sep. 4, 2018) ("the statute of limitations period expired by the time Plaintiff filed his lawsuit and, as a result, Defendants are entitled to summary judgment as a matter of law.").

In an attempt to remedy the late filing of the 2020 Complaint in this Court, the Plaintiff argues in her Response that the Saving Statute applies to extend the applicable statute of limitations. However, as set forth below, the Illinois Saving Statute does not apply in this case.

## II.   The Illinois Saving Statute Does Not Apply to the Facts in this Case.

The Illinois Saving Statute allows for the extension of the statute of limitations in certain situations as follows:

> In the actions specified in Article XIII of this Act or any other act or contract where the time for commencing an action is limited, *if judgment is entered for the plaintiff but reversed on appeal, or if there is a verdict in favor of the plaintiff and, upon a motion in arrest of judgment, the judgment is entered against the plaintiff, or the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction, or the action is dismissed by a United States District Court for improper venue*, then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff, his or her heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater, *after such judgment is reversed or entered against the plaintiff, or after the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction, or the action is dismissed by a United States District Court for improper venue.*

735 Ill. Comp. Stat. Ann. 5/13-217.

Thus, the Saving Statute does not apply to all dismissals, not to all dismissals without prejudice. Rather, it applies to the following specifically articulated occurrences:

(1) judgment is entered for the plaintiff but reversed on appeal;

(2) there is a verdict in favor of the plaintiff and, upon a motion in arrest of judgment, the judgment is entered against the plaintiff;

(3) the action is voluntarily dismissed by the plaintiff;

(4) the action is dismissed for want of prosecution;

(5) the action is dismissed by a United States District Court for lack of jurisdiction; or

(6) the action is dismissed by a United States District Court for improper venue.

It is undisputed the scenarios set forth in (1), (2), (3), (5), and (6) did not occur in this case.

Both Federal Courts and Illinois state courts have refused to apply the Saving Statute in a variety of circumstances. See e.g. *Rush v. Lock*, 19 F. App'x 416, 418 (7th Cir. 2001) (granting the defendant's motion to dismiss and refusing to apply the Saving Statute when the plaintiff's refiled complaint was outside the applicable statute of limitations and the plaintiff's federal claim was not subject to the state saving statute); *Yonaka v. UPS*, No. 06-cv-0464-MJR, 2006 U.S. Dist. LEXIS 108429, at *6 (S.D. Ill. Dec. 19, 2006) (granting the defendant's motion to dismiss and stating, "a dismissal pursuant to Fed. R. Civ. P. 4(m) is not among the dismissals 'saved' by the Illinois saving statute"); *Koffski v. N. Barrington*, 988 F.2d 41, 42 (7th Cir. 1993) (concluding the state saving statute applied to only a first refiling of any action and appellants' second refiling was therefore not protected under the statute and was properly dismissed as time barred); *Mnyofu v. Bd. of Educ.*, No. 03 C 8717, 2007 U.S. Dist. LEXIS 31589, at *54 (N.D. Ill. Apr. 27, 2007) ("a plain reading of the statute shows that, by its express terms, its time extension does not apply to cases that were voluntarily dismissed"); *Skarda v. Calaveras Asbestos Mines, Ltd.*, No. 89 C 7049, 1990 U.S. Dist. LEXIS 8290, at *1 (N.D. Ill. June 28, 1990) (granting the defendant's motion to dismiss where the plaintiff's new action was filed more than two years after he discovered the injury. Furthermore, the new action was filed more than one year from the date that it was

8

dismissed for lack of jurisdiction"; *Wilson v. Brant*, 374 Ill. App. 3d 306, 307, 311 Ill. Dec. 805, 806, 869 N.E.2d 818, 819 (2007) (affirming judgment in favor of the defendant nd finding the saving statute did not apply where the plaintiff mailed the new complaint on the last day of the "savings" period, which did not constitute filing it on that date).

The Plaintiff has failed to present a single case in which the Saving Statute has been applied to a refiled action in federal court after the same federal court has dismissed the complaint after expiration of the statute of limitations. The Plaintiff has attempted to assert that the Saving Statute applies by mischaracterizing the dismissal of the 2019 action as a dismissal for want of prosecution. Again, the Plaintiff has not presented any cases where a similar dismissal pursuant to a defendants motion to dismiss was characterized as a dismissal for "want of prosecution" under the Saving Statute.

The Court dismissed the Plaintiff's Amended Complaint based on the Defendants' Motion to Dismiss. There is no language in the Court's order suggesting the dismissal as for want of prosecution. In federal court, Rule 41(b) addresses dismissals for want of prosecution. Rule 41(b) provides:

> (b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Hence, dismissals under Rule 41(b) for want of prosecution are necessarily "an adjudication on the merits." However, the Court's dismissal in the 2019 action specifically stated the dismissal was without prejudice. Therefore, the disposition of the 2019 case necessarily cannot be, as

9

argued by the Plaintiff, a dismissal for "want of prosecution." This is a specific rule that is implemented in specific circumstances, none of which are present in this case.

The Plaintiff appears to be confusing cause and effect. The Plaintiff's complaint was dismissed; however, that dismissal was a result of the Defendants' Motion to Dismiss pursuant to Rule 12, Rule 8, and Rule 10, Federal Rules of Civil Procedure. The Plaintiff failed to make arguments in opposition to the Defendants' Motion to Dismiss. As noted by this Court, that inaction by the Plaintiff resulted in a waiver of arguments in opposition to the Defendants' Motion. However, the dismissal was not for "want of prosecution," the dismissal was based on the Plaintiff failing to present a properly pled complaint that sufficiently stated a cause of action after multiple attempts.

In an attempt to support her characterization of the Court's dismissal, the Plaintiff includes assertions that are inaccurate and require a response. Specifically, the Plaintiff has stated "Defendants' motion disingenuously argued that Plaintiff's First Amended Complaint did not comply with Fed. R. Civ. P. 8(a)(2), 10(b) and 12(f)" (D.E. 48, p5), and Defendants arguments were "not supported by existing law, or even a good faith argument of its modification or extension." (D.E. 48, p5).

The apparent error in the Plaintiff's accusations and assertions is that the Court in the 2019 action would not have granted the Defendants' Motion to Dismiss if it did not have merit. The Plaintiff's assertions that the Defendants' motion was "disingenuous" and "not supported by existing law" are not only improper and baseless aspersions on defense counsel, but the assertions are curious given the fact that the Plaintiff attempted to cure nearly every deficiency raised in the Defendants' Motion to Dismiss when the Second Amended Complaint was improperly filed and when the Complaint was filed in this Court in the 2020 action.

The Plaintiff's attempts to revise history and argue the dismissal of the 2019 action was based on want of prosecution is simply incorrect. While it is true that the Plaintiff failed to respond to the Motion to Dismiss, that failure to respond resulted in a waiver of arguments in opposition to the Defendants' Motion. However, the dismissal was ultimately based on the Defendants' Motion to Dismiss, not because the Court found there had been a "want of prosecution." The Plaintiff filed a Rule 60(b) Motion and requested the 2019 Court clarify its October 31, 2019 Order to reflect that the dismissal was for "want of prosecution." As discussed above, the Court denied that Motion. It is clear the 2019 action was dismissed pursuant to the Defendants' Motion to Dismiss, not for want of prosecution.

As a matter of law, the statute of limitations expired prior to the filing of the 2020 action and the Illinois Saving Statute does not apply. Thus, Final Summary Judgment in favor of the Defendants' is proper as a matter of law.

### III. The 2019 Court's Dismissal without Prejudice Did Not Automatically Entitle the Plaintiff to File a New Action After Expiration of the Statute of Limitations.

The Plaintiff has claimed an absolute right to file a new lawsuit after expiration of the statute of limitations based on the 2019 Court's October 31, 2020 dismissal being "without prejudice." 19 cv 708, D.E. 27]. Further, the Plaintiff relies on the Court's May 11, 2020 Order stating the 2019 action had been "terminated" and "As the Court dismissed Plaintiff's actions without prejudice, he may refile in a new complaint as a new action." [19 cv 708 D.E. 29].

The basis for the Plaintiff's ability to refile a new action, was simply that the dismissal was "without prejudice." There was no indication the Court was aware the statute of limitations had run. There would have been no reason for the court to be aware of the date of accident or applicable statute of limitations. After receiving this Order, the Plaintiff still did not file a motion for rehearing, motion for reconsideration, Rule 60 motion, or any type of motion or pleading to request

11

the Court allow an amended complaint in the 2019 action because the statute of limitations had run. Instead, the Plaintiff filed a new complaint in a new action after the statute of limitations had run.

This Court has recognized that "Strictly speaking, a motion to reconsider does not exist under the Federal Rules of Civil Procedure. Despite this fact, such motions are routinely presented, and this Court will consider them if timely filed. If filed within ten days of the entry of a judgment or order in the case, the motions are construed as motions to alter or amend under Federal Rule of Civil Procedure 59(e)." *Trs. of the Carpenters' Health & Welfare Tr. Fund of St. Louis v. Brunkhorst*, No. 05-382-DRH, 2005 U.S. Dist. LEXIS 56140, at *1-2 (S.D. Ill. Sep. 13, 2005) (quoting *Hope v. United States*, 43 F.3d 1140, 1142 (7th Cir. 1995); *Britton v. Swift Transportation Co., Inc.*, 127 F.3d 616, 618 (7th Cir. 1997)("the key factor in determining whether a 'substantive' motion is cognizable under Rule 59 or 60 is its timing"); *Mendenhall v. Goldsmith*, 59 F.3d 685, 689 (7th Cir.), cert. denied, 516 U.S. 1011, 116 S. Ct. 568, 133 L. Ed. 2d 492 (1995)("any post-judgment substantive motion that is made within ten days of the entry of judgment is deemed a Rule 59(e) motion.")).

Contrary to the Plaintiff's assertions, the 2019 Court's dismissal of the Plaintiff's Amended Complaint without prejudice does not ***entitle*** the Plaintiff to file a new action after expiration of the statute of limitations. A dismissal without prejudice does not bestow upon a plaintiff the right to refile a lawsuit. Rather, "It is well established in the federal courts that an action dismissed 'without prejudice,' is an action that may be refiled again in the same court, ***subject to other substantive and procedural bars such as the statute of limitations.***" *Gholson v. Lewis*, No. 07 C 3694, 2008 U.S. Dist. LEXIS 25019, at *7 (N.D. Ill. Mar. 26, 2008) (emphasis added).

12

Here, it is undisputed the accident giving rise to this litigation occurred on July 4, 2017. Thus, the statute of limitations expired on July 4, 2019. It is undisputed this lawsuit was filed on May 14, 2020, well after expiration of the statute of limitations. Thus, as a matter of law, summary judgment in favor of the Defendants is necessary and proper, as this Court does not have jurisdiction.

Further, as set forth above, the Plaintiff's prior litigation in a 2019 lawsuit did not extend the applicable statute of limitations pursuant to the Illinois Saving Statute.

### IV.  Final Summary Judgment with Regard to the Claims Against BJJ TRAILER LEASING, LLC is Proper Where BJJ was Not a Party to the 2019 Litigation.

The Illinois Saving Statute's one-year grace period may operate to "save" a new action from the limitations period that would otherwise apply "*if the parties are the same and both theories of relief arise out of a single core of operative facts.*" *Bell v. Sheriff of Cook Cty.*, No. 17 C 06324, 2018 U.S. Dist. LEXIS 198178, at *8-9 (N.D. Ill. Nov. 21, 2018) (quoting *Schrager v. Grossman*, 321 Ill. App. 3d 750, 752 N.E.2d 1, 7, 256 Ill. Dec. 456 (Ill. App. Ct. 2000) (emphasis added)).

The 2019 complaint and amended complaint named BJJ Trailer Leasing, LLC as a defendant in that action. However, BJJ Trailer Leasing, LLC was not a party to the 2019 litigation. Thus, even if this Court were to determine the Saving Statute applied to the Plaintiff's 2020 lawsuit, the statute of limitations would not be extended to the claims against BJJ Trailer Leasing, LLC, since that entity was not a party to the 2019 litigation. See *White v. Suneja*, No. 10-cv-332-JPG, 2013 U.S. Dist. LEXIS 37537, at *5 (S.D. Ill. Mar. 19, 2013) ("the statute of limitations had expired before White named Gray, Miget, Garrett, Fuentes, Fahim, Puisis, Ziebold and Morton in this case. They are therefore entitled to summary judgment.").

Thus, in addition to the arguments set forth above, Defendant BJJ Trailer Leasing, LLC is entitled to Final Summary Judgment, as the parties were not the same and, therefore, even if the Saving Statute applies, it would not apply to the claims asserted against BJJ Trailer Leasing, LLC.

### Conclusion

There are no genuine issues of material fact regarding when the accident giving rise to this lawsuit occurred. Based on the undisputed fact that the accident occurred on **July 4, 2017**. Further, there is no dispute this lawsuit was filed on **May 14, 2020** – more than two years and 10 months after the subject accident. Thus, the Plaintiff's claim is barred by Illinois statute 735 ILCS 5/13-202 as a matter of law.

In an attempt to remedy the late filing of the 2020 Complaint in this Court, the Plaintiff has asserted that the Saving Statute applies to extend the applicable statute of limitations. However, as set forth above, the Illinois Saving Statute does not apply in this case. The Plaintiff's complaint was dismissed; however, that dismissal was a result of the Defendants' Motion to Dismiss pursuant to Rule 12, Rule 8, and Rule 10, Federal Rules of Civil Procedure. The Plaintiff's attempts to revise history and argue the dismissal of the 2019 action was based on want of prosecution is simply incorrect. The Plaintiff filed a Rule 60(b) Motion and requested the 2019 Court clarify its October 31, 2019 Order to reflect that the dismissal was for "want of prosecution." As discussed above, the Court denied that Motion. It is clear the 2019 action was dismissed pursuant to the Defendants' Motion to Dismiss, not for want of prosecution. As a matter of law, the statute of limitations expired prior to the filing of the 2020 action and the Illinois Saving Statute does not apply. Thus, Final Summary Judgment in favor of the Defendants' is proper as a matter of law.

Finally, the Illinois Saving Statute's one-year grace period may operate to "save" the second complaint from the limitations period that would otherwise apply "*if the parties are the same and*

***both theories of relief arise out of a single core of operative facts.***" The 2019 complaint and amended complaint named **BBJ** Trailer Leasing, LLC as a defendant in that action. However, **BJJ** Trailer Leasing, LLC was not a party to the 2019 litigation. Thus, even if this Court were to determine the Saving Statute applied to the Plaintiff's 2020 lawsuit, the statute of limitations would not be extended to the claims against BJJ Trailer Leasing, LLC, since that entity was not a party to the 2019 litigation.

Based on the above, Final Summary Judgment in favor of the Defendants is proper as a matter of law.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 2nd day of September, 2021, the foregoing document was electronically filed with the Clerk of Court by using the CM/ECF system which sends a notice of electronic filing to the following counsel for the Plaintiff:

>Jon C. Papin – ARDC #06200779
>Steven C. Armbruster
>VRDOLYAK LAW GROUP, LLC
>9618 S. Commercial Avenue
>Chicago, Illinois 60617
>jpapin@vrdolyak.com
>iherrera@vrdolyak.com
>sarmbruster@vrdolyak.com
>bbenefield@vrdolyak.com

>ABBEY, ADAMS, BYELICK & MUELLER, L.L.P.
>
>*/s/ Jennifer J. Kennedy*
>DAVID J. ABBEY -- ARDC #0000949
>Skyway Marina District
>The Ceridian Campus
>3201 US Highway 19 South, 9th Floor
>St. Petersburg, FL 33711
>Telephone (727) 821-2080
>Facsimile (727) 822-3970
>ServiceDAbbey@AbbeyAdams.com
>Attorneys for Defendant